UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN G. FUREY,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

17-CV-00943 (PMH) (AEK)

PHILIP M. HALPERN, United States District Judge:

Kevin G. Furey ("Plaintiff") initiated this action seeking review of a final administrative decision rendered by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. (Doc. 1). On July 25, 2017, Judge Román, before whom this matter proceeded before being transferred to this Court on April 3, 2020, referred this matter to Magistrate Judge Smith (Doc. 13), and on October 16, 2020, the matter was reassigned to Magistrate Judge Krause.

On July 24, 2017, Plaintiff filed a motion for summary judgment (Doc. 11; Doc. 12, "Pl. Br.") and on October 13, 2017, the Commissioner filed a motion for judgment on the pleadings (Doc. 16; Doc. 17, "Comm. Br."). Magistrate Judge Krause, in a Report and Recommendation ("R&R") dated April 13, 2021, recommended that this Court deny Plaintiff's motion, grant the Commissioner's motion, and enter judgment in favor of the Commissioner. (Doc. 21 at 36). On April 27, 2021, Plaintiff filed objections to the R&R. (Doc. 22, "Pl. Obj."). After seeking and obtaining an extension of time to respond, on June 10, 2021, the Commissioner filed a response to Plaintiff's objections. (Doc. 25, "Comm. Resp."). For the reasons set forth below, the Court adopts Judge Krause's R&R, denies Plaintiff's motion for summary judgment, and grants the Commissioner's motion for judgment on the pleadings.

**BACKGROUND**

Plaintiff filed for DIB on or about November 16, 2013,[1] alleging a disability onset date of May 23, 2013. (Doc. 10, AR 12, 58-59).[2] Plaintiff claimed he was disabled due to bilateral knee, bilateral shoulder, and bilateral hip impairments; a lower back impairment; a herniated disc; carpal tunnel bilaterally in his hands; and rheumatoid arthritis. (AR 59, 163). On or about March 5, 2014, the Social Security Administration (the "SSA" or "Agency") denied his claim. (AR 12, 58, 91-99). On or about March 12, 2014, Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on August 13, 2015. (AR 12, 31-57). On September 9, 2015, the ALJ issued a decision finding that Plaintiff had not been disabled within the meaning of the Social Security Act (the "Act") from May 23, 2013 (the alleged onset date) through the date of the ALJ's decision. (AR 9-26). Plaintiff's request for review of the ALJ's decision was denied by the SSA's Appeal Council on December 14, 2016. (AR 1-4, 7, 203-05).

Plaintiff then commenced the instant lawsuit, seeking judicial review of the ALJ's decision. Magistrate Judge Krause, in reviewing the ALJ's decision, concluded that the decision was supported by substantial evidence and that the ALJ applied the proper legal standard to his consideration of the medical opinion evidence. (R&R 19-36). Plaintiff now objects to the Magistrate Judge's conclusions, arguing that the medical evidence supports a finding that he met Medical Listings §§ 1.02 and 1.04[3] such that he should have been considered disabled and, therefore, the ALJ's decision is not supported by substantial evidence. (Pl. Obj. at 3-10).

---

[1] The Application for Disability Insurance Benefits indicates that Plaintiff filed for DIB on November 18, 2013. (AR 146-47).

[2] For ease of reference in this Order, the Court cites to the SSA Administrative Record as "AR ___." The Record is filed on the ECF docket at Doc. 10—10-6.

[3] *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526).

**STANDARD OF REVIEW**

The Court, in reviewing a magistrate judge's report and recommendation, "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a report and recommendation "[w]ithin fourteen days after being served with a copy . . . ." *Id*. When a timely objection has been made to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the contested portions. *Id*. § 636(b)(1)(B), (C).

When reviewing an SSA claim, the Court does not determine *de novo* whether the plaintiff is disabled and therefore entitled to disability benefits. *See Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the reviewing court determines only "whether the Commissioner's conclusions 'are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard.'" *Id*. (quoting *Beauvoir v. Chater*, 104 F.3d 1432, 1433 (2d Cir. 1997)); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) ("A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000))).

"'The substantial evidence standard means' that 'once an ALJ finds facts, [the Court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Wright v. Comm'r*, No. 21-157, 2021 WL 4452158, at *1 (2d Cir. Sept. 29, 2021) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)). "In conducting [its] review . . . [the Court] will not substitute [its] own judgment for that of the Commissioner, even if [it] 'might justifiably have reached a different result upon *de novo* review.'" *Campbell v. Astrue*, 465 F. App'x 4, 5 (2d Cir. 2012) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d

Cir. 1984)). So long as the ALJ's factual findings are supported by substantial evidence, "[e]ven where the administrative record may also adequately support contrary findings on particular issues, the ALJ's factual findings 'must be given conclusive effect.'" *Newell v. Colvin*, No. 15-CV-07095, 2017 WL 1200911, at *2 (S.D.N.Y. Mar. 31, 2017) (quoting *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010)). The Court likewise considers whether the ALJ applied the proper legal standard in analyzing the substantial evidence—simply, did the ALJ apply the proper burden of proof test?

## **ANALYSIS**

The Court adopts the extensive recitation of the facts set out in Judge Krause's R&R and assumes the parties' familiarity with it. The Court will only repeat those facts that are relevant to the consideration of Plaintiff's objections. The Court notes at the outset that Plaintiff's objections to the R&R lack specificity, and his brief is a general recitation of some, but not all, of the medical record evidence without argument or legal support.

Plaintiff's objection to the R&R states that the ALJ's decision is not supported by substantial evidence because the "evidence of Plaintiff's injuries allows him to be considered for" Medical Listings §§ 1.02 and 1.04. (Pl. Obj. at 3; *id*. at 3-10). This new argument was not raised, and therefore was not considered, by the Magistrate Judge. (*Compare* Pl. Br., *with* Pl. Obj. at 3-10). "[A] court will not 'ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.'" *Bonano v. Staniszewski*, No. 12-CV-05879, 2017 WL 4220402, at *2 (E.D.N.Y. Sept. 22, 2017) (quoting *Santiago v. City of New York*, No. 15-CV-00517, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016)); *see also Grant v. Bradt*, No. 10-CV-00394, 2012 WL 3764548, at *4 (S.D.N.Y. Aug. 30, 2012) ("Generally, courts do not consider new arguments and new evidence raised in objections to a magistrate judge's report and recommendation that were not raised, and thus were

4

not considered, by the magistrate judge."). Because Plaintiff did not raise this argument before Judge Krause, the Court declines to consider it here.

Even if the Court were willing to entertain this new argument, Plaintiff fails to establish that the Commissioner's determination was not supported by substantial evidence in the record as a whole and that the Commissioner failed to apply the proper test for considering whether he is disabled under the Act. As the Second Circuit reaffirmed recently,

> The Commissioner has a five-step process for assessing whether a claimant is disabled under 42 U.S.C. § 423. The first step is "whether the claimant is engaged in 'substantial gainful activity.'" *Dixon v. Shalala*, 54 F.3d 1019, 1022 (2d Cir. 1995) (citation omitted). If so, he is not entitled to benefits. 404 C.F.R. § 1520(a)(4)(i). At step two, the Commissioner considers "whether the claimant's medical condition or impairment is 'severe.'" *Dixon*, 54 F.3d at 1022 (citation omitted). If not, he is not entitled to benefits. 404 C.F.R. § 1520(a)(4)(ii). At the third step, the Commissioner probes whether the claimant's ailments are among or equal to the "'listed' impairments" set forth in the appendix to the Social Security regulations. *Dixon*, 54 F.3d at 1022 (citation omitted). A claimant whose condition meets one of these impairments is entitled to benefits. 404 C.F.R. § 1520(a)(4)(iii). If the claimant's condition does not match a listed impairment, he may still be entitled to benefits, provided he can clear the fourth and fifth steps of the inquiry. At step four, the Commissioner assesses the claimant's "residual functional capacity," i.e., the claimant's capacity to perform work tasks such as standing, sitting, bending, crawling, and lifting or carrying objects. *Dixon*, 54 F.3d at 1022 (citation and quotation marks omitted). If the claimant's residual functional capacity permits him to perform his past relevant work, he is not disabled. 404 C.F.R. § 1520(a)(4)(iv). If he cannot perform his past work, however, he is entitled to benefits unless, at step five, the Commissioner can demonstrate that he "has the capacity to perform alternative occupations available in the national economy." *Dixon*, 54 F.3d at 1022 (citation and quotation marks omitted).

*Wright*, 2021 WL 4452158, at *1. There is no dispute that the ALJ, and Judge Krause, articulated and applied the correct legal standard as identified in *Wright*.

Plaintiff's newly raised contention is that the ALJ erred by deciding that the record evidence does not demonstrate that Plaintiff's conditions meet or exceed the listed impairments for a finding of disability. However, as set forth in his decision, the ALJ specifically considered the listings in Section 1.00 *et seq.*, "in particular Listing 1.02, Major Dysfunction of a Joint(s); and Listing 1.04 Disorders of the Back." (AR 15). The ALJ considered and weighed the medical evidence, and determined that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments. (AR 15-16). This Court's review of the record evidence confirms the absence of clinical findings that establish that Plaintiff's conditions meet or equal Listings 1.02 and/or 1.04 and Plaintiff's recitation of the portions of record evidence he believes support his position does not alter this result.

Plaintiff also appears to argue that both the ALJ and Judge Krause erred in the determination of Plaintiff's "residual functional capacity," by failing to consider all of Plaintiff's medical issues that might have given rise to a finding of disability. (Pl. Obj. at 3-11). This Court reaches the same result as Judge Krause. That is, reviewing this objection *de novo*, the Court concludes that the ALJ provided substantial evidence for his findings. Even if the record evidence had included clinical findings that weighed more strongly in Plaintiff's favor, "it is not the place of the Court on yet another round of review to conduct an independent factual determination." *Weather v. Astrue*, 32 F. Supp. 3d 363, 372 (N.D.N.Y. 2012).

Substantial evidence supported the ALJ's decision to afford little weight to the physicians and chiropractor with opinions inconsistent with the medical examinations performed, that were rendered for a different government program with different standards, or simply not an acceptable medical source. *See Brodie v. Comm'r of Soc. Sec.*, No. 19-CV-06968, 2020 WL 5754607, at *7 (S.D.N.Y. Aug. 25, 2020), *adopted sub nom. Brodie v. Saul*, 2020 WL 5775234 (S.D.N.Y. Sept.

6

28, 2020); *see also Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 53 (2d Cir. 2016) (Commissioner retains discretion to reach conclusions inconsistent with opinions of treating physicians where there is "sufficient evidence in the record that contradicted the testimony of these physicians, including treatment records"); *Campbell*, 465 F. App'x at 5 ("[The Court] will not substitute [its] own judgment for that of the Commissioner"); *Carroll v. Sec'y of Health & Hum. Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) ("It is the function of the [Commissioner], not [this Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant."). Accordingly, the Court does not find that the ALJ erred in his consideration of the various medical evidence submitted, or in his determination, under the appropriate legal test (*Wright*, 2021 WL 4452158, at *1) amply supported by such record, that Plaintiff is not disabled.

Finally, as to all findings of the Magistrate Judge that are not contested, this Court adopts those recommendations, finding no clear error on the record. *See Lebron v. Barnhart*, No. 04-CV-07389, 2008 WL 2696142, at *6 (S.D.N.Y. July 8, 2008).

## CONCLUSION

Upon a careful and complete *de novo* review of the contested portions of the R&R, the Court adopts the R&R in its entirety. Consequently, Plaintiff's motion for summary judgment is DENIED; the Commissioner's motion for judgment on the pleadings is GRANTED; and judgment should be entered in favor of the Commissioner.

The Clerk of the Court is respectfully directed to terminate the motions at Doc. 11 and Doc. 16, and to enter judgment in favor of the Commissioner.

**SO ORDERED:**

Dated: White Plains, New York
October 6, 2021

_____
PHILIP M. HALPERN
United States District Judge